JUNE 1822.

Hughes
vs
Sellers

justice may require that the complainants should receive an equivalent for the benefits which was intended by the testator, I cannot, on the present proceedings, make a satisfactory decree in their favour. _Decreed_, that the bill be *dismissed*, but without costs. The complainants appealed to this court.

The cause was argued at June term 1821, before BUCHANAN, EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Stephen*, for the appellants, contended, that the suit could be sustained. He cited *Blair vs. Owles*, 1 *Munf.* 38. *Greenwell vs. Greenwell*, 5 *Ves.* 199. *Shobe vs. Carr*, 3 *Munf.* 20; and 2 *Brid. Index*, 215, pl. 494.

*Winder* and *Chambers*, for the appellees.

*Curia adv. vult.*

At this term

DECREE AFFIRMED.

---

## COURT OF APPEALS, JUNE TERM, 1822.

### HUGHES *vs.* SELLERS, Adm'r. of REA.

When a plea does not profess to be an answer exclusively to either of the counts in a declaration, it is to be taken as a plea to the who'e declaration, and a demurrer to such plea does not work a discontinuance.

In an action of debt on bond given for the purchase money of land sold, referring to a bond of conveyance of the land, if the defendant p eads that a conveyance of the land was a condition precedent to the payment of the money, it is incumbent on him to make profert of the bond of conveyance; and his not doing so, renders the plea bad upon demurrer.

APPEAL from *Harford* county court. Debt on a bond. The declaration contained two counts—The *first* was in the usual form; and the *second* as follows, viz. "And whereas the defendant, (now appellant,) by *another* writing obligatory dated the 28th day of January 1803, sealed with his seal, acknowledged himself to be held and firmly bound unto the said *George Rea* in his life time, in *another* sum of $8200 current money, to be paid unto the said *George Rea*, his heirs, executors, administrators or assigns, when afterwards he should be thereunto required, which writing obligatory was and is subject to a certain condition thereunder written, whereby, after reciting to the effect following, to wit, that if the above bound *Samuel Hughes*, his heirs, executors or administrators, should well and truly pay unto the above named *George Rea*, his heirs, executors, administrators or assigns, the full and just sum of $1600, in the following manner, to wit, $600 thereof in thirty days from the date last aforesaid, and the remaining $1000 in one year from the said 28th day of January

1818, provided that the said *George Rea* should well and truly convey unto the said *Samuel Hughes*, by a good deed in law, two hundred acres of land, agreeably to his bond of the date last aforesaid, then the said obligation to be void, otherwise to be and remain in full force and virtue in law; and the plaintiff avers, that as administrator of the said *Rea* as aforesaid, he did, on the 19th of September 1815, procure a good and valid deed in law to be legally executed by *Abraham Sellers*, &c. the sole heirs and legal representatives of the said *Rea* deceased, in pursuance of the bond of conveyance aforesaid of the said *Rea*; and the said deed so legally executed, the plaintiff, administrator as aforesaid, did on the 27th of September 1815, tender to the defendant, and request him to accept the same as a fulfilment of the agreement contained in the said bond of conveyance by the said *Rea* to the defendant, but the defendant refused to accept the same, to wit, at the county of *Harford* aforesaid, by means of which said premises an action hath accrued to him the plaintiff, administrator as aforesaid, to have and demand of and from the defendant the said sum of \$3200, above demanded; yet the defendant, although often requested," &c. The defendant, by his plea, craved oyer of the bond, which was set out, viz. "Know all men," &c. "The condition of the above obligation is such, that if the above bound *Samuel Hughes*, his heirs, executors or administrators, shall well and truly pay unto the above named *George Rea*, his heirs, executors, administrators or assigns, the full and just sum of \$1600, in the following manner, to wit, \$600 thereof in thirty days from this date, and the remaining \$1000 in one year from this date, provided that the said *George Rea* shall well and truly convey to the said *Samuel Hughes*, by a good deed in law, two hundred acres of land, agreeably to his bond of this date, then the above obligation to be void, or otherwise to be and remain in full force and virtue in law." He then proceeded as follows, viz. "And as to the breach of covenant above assigned, he says, that the plaintiff his action aforesaid thereof against him the defendant to have or maintain ought not, because he says, that according to the tenor of the said bond, and the condition thereof, *Rea*, the intestate of the plaintiff, was bound to convey two hundred acres of land, by a good deed in law, to the defendant, during the life-time of the said intestate, and before the

JUNE 1822.

Hughes
vs
Sellers

JUNE 1822.

Hughes
vs
Sellers

right to claim the money in the said declaration and in the said bond mentioned, could accrue; nevertheless the said intestate neglected, failed, and refused to convey as aforesaid to the defendant, during the life-time of him the said intestate, to wit, at the county of *Harford*, contrary to the tenor of the aforesaid bond and condition; and the covenant of the said intestate, being a condition precedent to the performance of the covenant of the defendant, he ought not to be bound to the performance of his covenant, because the said intestate did not, and the plaintiff cannot fulfil the aforesaid covenant of the said intestate, wherefore he prays judgment, if the plaintiff his action aforesaid thereupon against him to have or maintain ought," &c. To this plea there was a general demurrer, and joinder in demurrer. The county court ruled the demurrer good, and gave judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, EARLE, and STEPHEN, J.

*Winder*, for the appellant. 1. The proviso in the bond was a condition precedent—a conveyance was to be executed for the land before payment of the purchase money. 2. The averment in the declaration was not properly made. 3. As there was no answer to one of the counts in the declaration, judgment should have been taken by default on the count not answered. The defendant's plea seemed to be to the second count; but it did not appear to be specially applied to either. He cited 5 *Bac. Ab.* tit. *Pleas,* &c. (P.) 4. The obligation to convey was a personal one on *Rea,* and could not be performed by his heirs. He cited 1 *Bac. Ab.* tit. *Conditions,* (P.) 661, 662, 663. *Co. Litt.* 210. *Dyer,* 180, 181. 5 *Coke,* 96.

*Raymond*, for the appellee, said, that he relied upon the first count, and the second might be stricken out; that the plea was to the first count. The bond of conveyance being in the defendant's possession, he ought to have alleged it in his plea, and set it out. Where there are mutual and independent covenants in separate instruments of writing, each party must rely upon the covenant to himself. He

cited *Pordage vs. Cole,* 1 *Saund.* 320, *(note 4.) Terry vs. Duntze,* 2 *H. Blk. Rep.* 389. *Campbell vs. Jones,* 6 *T. R.* 572; and *St. Albans vs. Shore,* 1 *H. Blk. Rep.* 270.

Buchanan, J. delivered the opinion of the court. The suggestion by the counsel for the defendant below, that the plea in this case is to one only of the counts in the declaration, and that the whole action is discontinued by reason of the plaintiff's not having taken his judgment by *nil dicit* on the other count, is not sustained.

The plea does not profess to be an answer exclusively to either count, and as it is not an easy matter, if at all practicable, to determine to which it most strongly applies, it would have been exceedingly difficult for the plaintiff to ascertain on which count to have taken his judgment. It must therefore, be construed most strongly against the defendant; and as a plea to the whole declaration, and so understood, the demurrer did not work a discontinuance. The condition of the bond on which the suit was instituted, refers generally to a bond of conveyance to the defendant, which belongs to him, and for any thing appearing, is in his possession, and on which he relies as containing a condition precedent to the payment of the money.

It was incumbent therefore on him to have made profert of that bond, and to have set out the contents, in order that the plaintiff might have craved oyer and demurred, or replied to the plea, according to circumstances, and also to have enabled the court to decide, whether the conveyance of the land was a condition precedent, and what assurance was required by that instrument to be made.

But instead of doing this, after oyer of the bond on which this suit was brought, and of the condition, the plea in substance only alleges generally, that a conveyance of two hundred acres of land by *George Rea,* the obligee, in his life-time, to the defendant, was a condition precedent to the payment of the money; that he did not make the conveyance, and therefore that the defendant was not bound to pay, &c. without making profert of the bond of conveyance, or attempting to set out any part of it, which is clearly a bad plea, and the court below did right in sustaining the demurrer.

JUDGMENT AFFIRMED.